```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**ANDERSON ALEXANDER**                                    **PETITIONER**

VS.                         CRIMINAL ACTION NO.3:06cr34–WHB–ALL
                            CIVIL ACTION NO.3:06cv642–WHB–ALL

**UNITED STATES OF AMERICA**                              **RESPONDENT**

### OPINION AND ORDER

This cause is before the Court on the Motion of Petitioner Anderson Alexander to Vacate, Set Aside and Correct Sentence Under 29 U.S.C. § 2255 ("Motion to Vacate").[1] The Court has considered the Motion, Response, and supporting and opposing authority, and finds that the Motion to Vacate is not well taken and should be denied.

### I. Factual Background and Procedural History

On May 9, 2006, Anderson Alexander ("Alexander") pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Alexander was sentenced on July 21, 2006, to a 180-month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a special assessment of $100.00. On November 17, 2006, Alexander filed the subject Motion to Vacate arguing: (1) his sentence under

---

[1] Alexander is prosecuting this Section 2255 Petition *pro se*. Accordingly, his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

18 U.S.C. § 924(e) was unconstitutional, and (2) his attorney provided ineffective assistance of counsel by failing to file a notice of appeal in the underlying criminal case as he requested. The Motion to Vacate is now ripe for consideration.

## II.  Legal Analysis

### A.  Alexander's Challenge to his Sentence

Through his Motion, Alexander attacks the constitutionality of his sentence under 18 U.S.C. § 924(e) arguing that it was impermissibly enhanced.  The Court first finds that Alexander waived his right to assert the subject challenge.  In the Plea Agreement signed by Alexander on May 9, 2006, he acknowledged:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
> a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever, and
>
> b.   the right to contest the conviction and manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and
>
>         ...

> e.  Defendant further acknowledges and agrees that any factual issues regarding the sentence will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

See Plea Agreement [Docket No. 7] at ¶ 12. The United States Court of Appeals for the Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999). The waiver of the right to contest a conviction and sentence is expressly recognized in this circuit. See e.g., United States v. Abreo, 30 F.3d 29 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994).

Under the express language of the subject Plea Agreement, Alexander waived his right to contest his conviction, his sentence, and the manner in which the sentence was imposed "in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." See Plea Agreement [Docket No. 7] at ¶ 12b. Accordingly, the Court finds that Alexander waived his right to contest the manner in which his sentence was imposed and, therefore, his Motion to Vacate challenging the constitutionality of his sentence should be denied.

Even if Alexander had not waived his right to challenge his sentence – which he clearly did as evidenced by the subject Plea Agreement – his challenge fails on the merits. In support of his

Motion, Alexander argues that his sentence is unconstitutional because the Court did not conduct a "Shepard hearing" to determine whether the requirements of 18 U.S.C. § 924(e) were satisfied.  In Shepard v. United States, 544 U.S. 13, 24 (2005), the United States Supreme Court held that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant."  See also United States v. Booker, 543 U.S. 220 (2005).

In the present case, Alexander's sentence does not exceed the statutory maximum authorized by the facts.  Pursuant to 18 U.S.C. § 924(e), a person who violates Section 922(g)(1) and who has three previous convictions "shall be fined not more than $25,000.00 and imprisoned not less than fifteen years."  During his sentencing hearing, the Court found, based on evidence produced by the Government and admitted into the record, that Alexander had at least three prior felony convictions.[2]  See [Docket No. 9], Exhibits to Hr'g on Sentencing.  Accordingly, the Court finds that Alexander's sentence under 18 U.S.C. § 924(e) was warranted based

---

[2] Contrary to Petitioner's claim that no documentation was presented to the Court to support his sentence under 18 U.S.C. § 924(e), the Government introduced Orders from the Circuit Court for the First Judicial District of Hinds County, Mississippi, showing that Alexander was convicted of the following: (1) possession of heroin for which he was sentenced to a three-year term of imprisonment; (2) delivery of marijuana for which he was sentenced to a five-year term of imprisonment; (3) aggravated assault for which he was sentenced to a twenty-year term of imprisonment; and (4) possession of cocaine with intent to distribute for which he was sentenced to a thirty-month term of imprisonment.

on the finding of at least three prior felony convictions by the Court.

Again, as Alexander waived his right to contest his sentence or the manner in which that sentence was imposed, and further as his sentence under 18 U.S.C. § 924(e) was supported by the finding of three prior felony convictions, the Court finds that his Motion to Vacate challenging the constitutionality of his sentence should be denied.

**B.  Alexander's Ineffective Assistance of Counsel Claim**

Alexander alleges that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal in the underlying criminal case.  Alexander, however, clearly and unambiguously waived his right to appeal.  See Plea Agreement [Docket No. 7], at ¶ 12a (waiving "the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever"). The waiver of the right to appeal is expressly recognized in this circuit.  See United States v. McKinney, 406, F.3d 744, 746 & n.2 (5th Cir. 2005) (indicating that a "defendant may waive his statutory right to appeal if the waiver is knowing and voluntary."); United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999); United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).  Further, while the Fifth Circuit recognizes that an

5

ineffective assistance of counsel claim may survive a waiver of appeal if the claim relates to the voluntariness of the waiver, see United States v. White, 307 F.3d 336 (5th Cir. 2002), Alexander does not claim or otherwise argue that he involuntarily and/or unknowingly entered the subject Plea Agreement.

As the basis for Alexander's claim of ineffective assistance of counsel (his attorney's failure to file a notice of appeal in the underlying criminal case) does not relate to the voluntariness of the Plea Agreement he entered, Alexander's ineffective assistance of counsel claim lacks merit and will not be considered by the Court.  See White, 307 F.3d at 343 (holding:  "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affect[s] the validity of that waiver or the plea itself.").  Further, as Alexander clearly, voluntarily, and knowingly waived his right to appeal, the Court finds that his counsel cannot be considered ineffective for failing to file an appeal. See Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000) (finding that to prevail on a habeas complaint alleging ineffective assistance of counsel, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.").

### III.  Conclusion

IT IS THEREFORE ORDERED that Alexander's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Docket No. 13] is hereby denied.

IT IS FURTHER ORDERED that this cause be finally dismissed with prejudice.  A separate Final Judgment will be entered this day.

SO ORDERED this the 16th day of January, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT COURT