IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANDERSON ALEXANDER**                                                    **PETITIONER**

**VS.**                                       **CRIMINAL ACTION NO. 3:06cr34-WHB**
                                              **CIVIL ACTION NO. 3:06cv642-WHB**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

## OPINION AND ORDER

On November 17, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. On January 16, 2007, the Court entered an Opinion and Order denying Petitioner's Motion, and entered Final Judgment dismissing Petitioner's case with prejudice. Petitioner's Motion for Reconsideration of that Opinion and Order was denied on February 5, 2007.

On February 5, 2007, Petitioner filed a pleading titled "Motion for Traverse." Through this motion, Petitioner raises two new challenges to the legality of his sentence: (1) he did not knowingly or voluntarily waive his right to appeal, and (2) his prior state convictions do not constitute felonies for federal sentencing purposes. The Court finds that Petitioner's "Motion to Traverse" is nothing more than a successive attempt to seek post-conviction relief pursuant to 28 U.S.C. § 2255. See e.g. United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998) (finding that a

district court should not allow pleading practices to "circumvent [the] restraints on successive habeas petitions.").

In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals. 28 U.S.C. § 2255. Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. As Petitioner has not complied with these necessary requirements, the Court finds that his successive Petition for relief pursuant to 28 U.S.C. § 2255 must be dismissed. See United States v. Sellers, 247 F.3d 241, 241 (5th Cir. 2001) ("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the petitioner's motion even though it was styled as a motion to reconsider). See also Rich, 141 F.3d at 553.

IT IS THEREFORE ORDERED that Petitioner's Motion to Traverse [Docket No. 21] is hereby denied.

SO ORDERED this the 2nd day of March, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
